UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:03-CR-103-01-F1
No. 7:10-CV-169-F1

NICHOLAS SHAMAR GRIFFIN,            )
        Movant,            )
                               )
       v.                          )            O R D E R
                               )
UNITED STATES OF AMERICA,            )
        Respondent.            )

This matter is before the court on the Government's Motion to Dismiss [DE-74] Nicholas Shamar Griffin's ("Griffin") motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct his Sentence. *See* [DE-67/70].[1] The timeliness of that motion is one ground on which the Government contends the motion must be dismissed; the Government also contends each of Griffin's substantive claims is subject to dismissal.

**Factual and Procedural Background**

Griffin's arraignment on his three-count indictment initially was scheduled for this court's December 8, 2003, term of court. Upon joint motion by the Government and defense counsel, arraignment was continued, in part because the parties represented that they were "continuing to negotiate the terms of a possible plea and are exchanging pretrial discovery. . . ." Joint Motion to Continue [DE-10]. Those negotiations were unsuccessful, however, and the case went to trial before a jury on January 13, 2004; guilty verdicts were returned on all three

---

[1] Griffin initially submitted his § 2255 motion on the incorrect form [DE-67]. Upon notice from the Clerk of Court, Griffin re-submitted his motion on the proper form [DE-70], albeit with substantive modifications.

counts the following day. Griffin's sentencing hearing was conducted on June 21, 2004, during which the court heard extensive argument on Griffin's objections to the Presentence Report and argument for a lenient sentence. Although the court overruled the objections and adopted the factual findings in the Presentence Report, the sentence imposed as to Count One reflected a two-month downward departure from the bottom of the United States Sentencing Guideline ["USSG"] range, in consideration of time Griffin served in State custody. The court sentenced Griffin to the mandatory *minimum* term of imprisonment on Count Two, *see* Judgment [DE-27], which was required by statute to run *consecutively* to the other sentences imposed. Although the 120-month sentence imposed on Count Three was the statutory maximum, it was ordered to run concurrently with the sentence in Count One.

Griffin appealed both his convictions and his sentence. The Fourth Circuit Court of Appeals affirmed his convictions but remanded the case for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005), which had been decided while Griffin's case was pending appeal. *See United States v. Griffin*, No. 04-4536, 175 Fed. Appx. 627 (4th Cir. April 12, 2006) (UP).

On remand for compliance with *Booker* and *Hughes*, the court imposed the same sentence, but struck the fine previously imposed. Griffin again appealed his sentence, and the Fourth Circuit Court of Appeals affirmed, finding the sentence imposed on remand to be "reasonable." *United States v. Griffin*, No. 06-4981, 240 Fed. Appx. 561 (4th Cir. July 9, 2007) (UP). The Supreme Court denied Griffin's petition for writ of *certiorari*. *See Griffin v. United States*, 552 U.S. 970 (Oct. 9, 2007).

## Timeliness of § 2255 Motion

Griffin's conviction and sentence became "final" at that point; he had one year within which to file a timely § 2255 motion. Rather than do so, Griffin filed a Motion for Extension of Time [DE-57], Exhibit 1, deemed filed on October 6, 2008. The motion was submitted to the undersigned on or about October 16, 2008, but for reasons unknown, it slipped through the cracks in chambers and was not discovered until July **2010**. Meanwhile, upon motion by the Federal Public Defender on Griffin's behalf, the undersigned had reduced Griffin's sentence pursuant to 18 U.S.C. § 3582(c)(2) & 28 U.S.C. § 994(u) – the "retroactive crack amendment" to the advisory USSG – from 186 months to 149 months. *See* Order of July 15, 2009 [DE-61].

When Griffin's mis-placed 2008, Motion for Extension of Time [DE-57] was discovered, an order was entered on July 21, 2010, allowing an extension to and including August 23, 2010. *See* [DE-62]. Two subsequent motions to extend that time were denied. *See* [DE-64] and [DE-66]. Griffin finally submitted a § 2255 motion that the court deems to have been filed on August 23, 2010, the date on which Griffin states under oath that he deposited the original motion in the prison mailbox.[2] The court notes, however, that the prison's mailroom stamp on the envelope is dated August 26, 2010, and that Griffin sent the motion, which was written on an incorrect form, to the wrong address. Nevertheless, the Government's Motion to Dismiss [DE-74] this action on grounds of untimeliness under § 2255 is DENIED.

---

[2] The "mailbox rule" provides that a prisoner's motion is deemed filed on the date he presents a motion, properly addressed with correct postage affixed, to prison officials for mailing to the court for filing. *See* Rule 3(d), RULES GOVERNING § 2255 PROCEEDINGS ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. . . . Timely filing may be shown . . . by a notarized statement . . . which must set forth the date of deposit and state that first class postage has been prepaid.")

3

## The Merits

In his § 2255 initial motion [DE-67], Griffin purported to raise six claims for relief. When he re-filed his § 2255 motion on the correct form [DE-70], Griffin had tweaked and supplemented his claims. The re-tooled claims in the second version of his § 2255 motion were not raised in a timely manner. The court will consider as timely only those claims as stated and raised in his initial motion [DE-67]. Paraphrased, those claims are:

*Claim One*: Trial counsel rendered ineffective assistance for failing to seek or to convey a "plea bargain beyond cooperation";

*Claim Two*: Trial counsel rendered ineffective assistance because he failed to subpoena Rica Brown and the other male inside the residence during execution of the search;

*Claim Three*: Counsel rendered ineffective assistance both at trial and on appeal by failing to object to or to appeal the court's reading of his criminal history to the jury;

*Claim Four*: Counsel rendered ineffective assistance both at sentencing and on appeal for failing to object to the court's failure to make an independent drug weight calculation when resentencing him on remand from the Fourth Circuit Court of Appeals;

*Claim Five*: Trial counsel rendered ineffective assistance at sentencing for failing to object to the court's improper inclusion of counseled and uncounseled misdemeanor convictions in calculating Griffin's criminal history;

*Claim Six*: Appellate counsel was ineffective for failing to raise the "above issues in Claim[s] 1-5" on appeal.

A. Standard of Review

In addition to arguing that the instant motion is untimely, the Government has moved to dismiss Griffin's § 2255 motion pursuant to Rule 12(b)(6), FED. R. CIV. P., arguing that Griffin has failed to state any claim upon which relief may be granted. When subjected to a Rule

4

12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (emphasis in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court in *Twombly* upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. *See Monroe v. City of Charlottesville, Va.*, 579 F.3d 380, 386 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1740 (2010) Accordingly, a district court considering a motion to dismiss under Rule 12(b)(6) " 'must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.' " *Simmons v. United Mortg. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) ( citations omitted). "[T]he court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Monroe*, 579 F.3d at 385–86 (quotation marks and alteration marks omitted).

B. Ineffective assistance of counsel

All of Griffin's § 2255 claims allege ineffective assistance of counsel. An ineffective assistance claim is governed, of course, by the Supreme Court's seminal decision in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* explains that a prisoner alleging constitutionally ineffective assistance must show both (1) deficient performance, *i.e.*, "that counsel's representation fell below an objective standard of reasonableness," *id.* at 688, as well as (2) resulting prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. These two requirements—deficient performance plus prejudice – commonly are referred to as *Strickland's* "performance" and "prejudice" prongs.

While an ineffective assistance claim must satisfy both *Strickland* prongs, the Supreme Court recommends that, when possible, the prejudice prong should be first addressed. *Strickland* itself explained that there is no need "to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. Specifically,

> a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Id.*

C. Analysis

**Claim One** - *Trial counsel rendered ineffective assistance for failing to seek or to convey "a plea bargain beyond cooperation"*

The Government contends in its memorandum supporting its motion to dismiss that Griffin "has presented no evidence" that possibly could be found to be "clear and convincing" proof that the Government would have offered Griffin a plea agreement he would have accepted. *See* Memorandum [DE-75], at p. 5. Of course, Griffin is not required to present *any* evidence to withstand a motion to dismiss pursuant to Rule 12(b)(6); the instant inquiry on the Government's motion is whether Griffin's allegations are sufficient to state a claim for relief.

While the Supreme Court has approved plea bargaining, finding it to be "an essential component" of the criminal process, *see Santobello v. New York*, 404 U.S. 257, 260 (1971), "[t]here is no constitutional right to a plea bargain." *Weatherford v. Bursey*, 429 U.S. 545, 560-61 (1977). Further, a prosecutor is under no legal obligation to consider or negotiate a plea with a defendant; the decision to offer a plea bargain or proceed to trial is a matter of prosecutorial discretion. *See id.* at 561.

6

Defense counsel's competence in pre-arraignment stages of a criminal prosecution, including stages at which a plea bargain might have been negotiated, is subject to the *Strickland* reasonableness and prejudice standards. *See Field v. Maryland*, 956 F.2d 1290, 1296 n.17 (4th Cir. 1992). It has been held that a decision not to initiate plea bargaining is considered "strategic," and that an attorney is not required to seek plea bargains that he reasonably believes the prosecution will reject. *See Brown v. Doe*, 2 F.3d 1236, 1246 (2d Cir. 1993); *see also Newman v. Vasbinder*, 259 F. App'x 851, 854 (6th Cir. 2008). In Griffin's case, however, the record contains a *joint* motion by the Government and the defendant to continue the scheduled trial in part because the parties were "continuing to negotiate the terms of a possible plea." *See* Joint Motion [DE-10], at ¶ 2.

To the extent he contends his trial counsel failed to engage in plea negotiations with the Government, Griffin's position is belied by the representation of both attorneys. A liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), of Griffin's phrase, "a plea bargain beyond cooperation," suggests, however, that Griffin would have considered an offer to plead guilty and receive a lesser sentence, but *only if* by doing so he were not obligated, in exchange, to cooperate with the Government. The Government has little if any incentive to offer such an arrangement, particularly in a strong case, such as this. Of course, Griffin could have pled guilty "straight up" – without a plea agreement – and by doing so would have avoided *both* a trial *and* the obligation to cooperate. He would not, however, have been justified in that circumstance to expect any Governmental concession or recommendation of leniency.

Because Griffin had no constitutional right to be offered a plea agreement, much less one that required nothing of him in exchange for favorable treatment by the Government, his attorney cannot have been ineffective if he failed to pursue such an arrangement. Although it is true that defense counsel must communicate the Government's proposals promptly to his client,

7

Griffin has not alleged that the Government extended an offer that he would have accepted. *See United States v. Brannon*, 38 F. App'x 51, 53 (4th Cir. 2002). In short, Griffin's Claim One allegations, in the light most favorable to him, simply do not state facts that suggest that his sentence would have been shorter but for his attorney's performance with regard to plea negotiations.

**Claim Two** – *Trial counsel rendered ineffective assistance of counsel because he failed to subpoena Rica Brown and the other male inside the residence during execution of the search*

Griffin explains that had counsel subpoenaed these witnesses, they would have testified that the firearms police found in his bedroom belonged to the other male inside the residence and not to him. Therefore, he reasons, the outcome of his trial would have been different because he would not have been found guilty of the two weapons offenses.

The record reveals that trial counsel listed both witnesses on Griffin's "Witness List" [DE-18], but neither was called to testify. Whether the witnesses were subpoenaed and/or offered as witnesses to testify that the firearms did not belong to Griffin is irrelevant to his guilt or innocence of the gun charges. It is "possession" – actual or constructive, sole or joint, that is required for conviction under both 18 U.S.C. § 922(g) or § 924(c), and the court so instructed the jury. The Fourth Circuit Court of Appeals, on direct appeal, determined that the Government's evidence at trial was "more than sufficient to establish Griffin's construction possession of the crack cocaine and the firearms" found in Griffin's bedroom. *See United States v. Griffin*, 175 Fed. App'x 627, 630 (4th Cir. April 12, 2006). Griffin's claim in this ground fails to state a claim upon which relief can be granted under § 2255.[3]

---

[3] Additionally, it is without cavil that "[d]ecisions about what types of evidence to introduce 'are ones of trial strategy, and attorneys have great latitude on where they can focus

**Claim Three** – *Counsel rendered ineffective assistance both at trial and on appeal by failing to object to or to appeal the court's reading of his criminal history to the jury*

Griffin was charged in Count Three with possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). An essential element of that offense is that, on or about the date alleged, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. The jury was so instructed in this case. The jury also was instructed, *inter alia*, as to Count Three that "the Government and the defendant have stipulated that the defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year." It is common practice – and one generally favorable to a defendant – for defense counsel to stipulate to the Government's ability to prove the felony conviction element in a § 922(g) trial to dissuade the Government from introducing the defendant's entire criminal record into evidence. Here, that practice was successful and Griffin's jury did not learn of his extensive, violent criminal history. The record on its face demonstrates there is no factual basis for this claim.

**Claim Four** – *Counsel rendered ineffective assistance both at sentencing and on appeal for failing to object to the court's failure to make an independent drug weight calculation when resentencing him on remand from the Fourth Circuit Court of Appeals*

Again, Griffin's recollection of the facts is flawed. The court indeed conducted an independent drug weight calculation on remand, pursuant to *Booker*. That calculation was affirmed on appeal after remand in *United States v. Griffin*, 175 Fed. App'x 627 (4th Cir.), *cert. denied*, 552 U.S. 970 (2007). The drug weight calculation on remand resulted in the same

---

the jury's attention and what . . . evidence they can choose not to introduce.' " *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998) (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1571 n. 9 (4th Cir. 1993)).

9

weight calculated during Griffin's initial (pre-*Booker*) sentencing. This allegation is belied by the record.

**Claim Five** – *Trial counsel rendered ineffective assistance at sentencing for failing to object to the court's improper inclusion of counseled and uncounseled misdemeanor convictions in calculating Griffin's criminal history*

All of Griffin's criminal history points were awarded for felony convictions. Regardless of how a crime is denominated, it is a "felony" for purposes of an advisory USSG calculation if it was "punishable by imprisonment for a term exceeding one year." The North Carolina "misdemeanors" for which Griffin received criminal history points were crimes subject to punishment for terms exceeding one year. There is no factual basis for this claim.

**Claim Six** – *Appellate counsel was ineffective for failing to raise the "above issues in Claim[s] 1-5" on appeal*

All of the issues in Griffin's § 2255 claims allege ineffective assistance of trial counsel. It is well-settled that such claims are not suited for direct appeal, but "may be brought [in the first instance] in a collateral proceeding under § 2255, whether or not the petitioner could have raised [them] on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *see also, e.g., United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010) (noting that "[c]laims of ineffective assistance of counsel may be raised on direct appeal only where the record conclusively establishes ineffective assistance") (citation omitted). This final claim, on its face, lacks a legal basis.

## Conclusion and Order

First, the court finds and concludes that Griffin's § 2255 motion, as stated in his initial petition [DE-67], was timely filed. The Government's Motion to Dismiss on grounds that the motion was filed outside the one-year limitations period is DENIED.

10

Second, the court concludes for the reasons stated herein, that the factual allegations describing Griffin's substantive claims are not " 'enough to raise a right to relief above the speculative level.' " *Andrew*, 561 F.3d at 266 (quoting *Twombly*, 550 U.S. at 555). Accordingly, the Government's Motion to Dismiss [DE-74] Griffin's Claims One, Two, Three, Four, Five and Six is ALLOWED, and those claims are DISMISSED. The Clerk of Court is DIRECTED to close this case.

## Certificate of Appealability Denied

I, James C. Fox, Senior United States District Judge for the Eastern District of North Carolina, having entered this order allowing the Government's motion to dismiss Griffin's application for relief pursuant to 28 U.S.C. § 2255, am of the opinion that Griffin has failed to make a substantial showing of the denial of a constitutional right, and that no reasonable jurist would find this court's assessment of Griffin's constitutional claims to be debatable.

Therefore, it is ORDERED that a Certificate of Appealability is DENIED.

SO ORDERED.

This the 3 day of May, 2010.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge